# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 98-3503

_____

| | | |
|---|---|---|
| Lana Rakow, | * | |
| | * | |
| Appellant, | * | |
| | * | |
| v. | * | |
| | * | |
| State of North Dakota, by and through | * | |
| the State Board of Higher Education; | * | |
| Kendall Baker, individually, and in his | * | Appeal from the United States |
| official capacity as President of the | * | District Court for the District |
| University of North Dakota; Marlene | * | of North Dakota. |
| Strathe, individually, and in her official | * | |
| capacity as Vice President of Academic | * | [UNPUBLISHED] |
| Affairs and Provost of the University of | * | |
| North Dakota; Bruce Jacobsen, | * | |
| individually, and in his official capacity | * | |
| as Dean of the College of Fine Arts and | * | |
| Communication at the University of | * | |
| North Dakota, | * | |
| | * | |
| Appellees. | * | |

_____

Submitted: February 17, 2000

Filed: February 24, 2000

_____

Before McMILLIAN and FAGG, Circuit Judges, and KYLE,[*] District Judge.
_____

PER CURIAM.

In 1994, the University of North Dakota hired Lana Rakow as a tenured faculty member in the School of Communication and also gave Rakow administrative responsibilities as the Director of the School of Communication and as Associate Dean of the College of Fine Arts and Communication. In October 1995, Rakow met with two senior administrators, who notified Rakow of deficiencies in her administrative performance. When Rakow's performance did not improve, the University removed Rakow from her positions as Director and Associate Dean. Rakow remained a tenured faculty member in the School of Communication. Rakow then filed this lawsuit against the State of North Dakota and various University of North Dakota administrators (collectively, the University). The district court dismissed some claims on pretrial and posttrial motions and submitted the remaining claims to the jury, which returned a verdict for the University. Rakow appeals.

Rakow first contends the district court committed error in dismissing her breach of contract claims because Rakow sought only prospective injunctive relief as her remedy. We disagree. As the district court properly concluded, Rakow's claims are barred by the Eleventh Amendment, which prohibits federal courts from hearing suits against states and state officers in their official capacities when, as in this case, the suit alleges a violation of state law and regardless of whether money damages or injunctive relief is sought. See Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 106 (1984); Dover Elevator Co. v. Arkansas State Univ., 64 F.3d 442, 446-47 (8th Cir. 1995).

---

[*]The Honorable Richard H. Kyle, United States District Judge for the District of Minnesota, sitting by designation.

Rakow also claims the district court improperly granted the University's motion for judgment as a matter of law at the close of evidence on Rakow's claim that the University violated her procedural due process rights. Specifically, Rakow argues she had a protected property interest in her administrative positions because these positions were tenured. Again, we disagree. Rakow received a preprinted form contract which informed her of her "appointment as Professor of Communication and Director of [the] School of Communication" and included a check mark beside "tenured." The form contract also provided that "[o]ther responsibilities, if any, specific to your appointment are indicated in the enclosed letter of understanding." The University's letter of understanding offered Rakow a "[f]ull time tenured position as Professor of Communication with an initial appointment as Director of the School of Communication [and] [t]he position as Associate Dean of the College of Fine Arts and Communication," specified that Rakow was "appointed to a three year term as Director," and informed Rakow that "Associate Deans have no specific term, but rather serve at the pleasure of the Dean." The North Dakota State Board of Higher Education Policy Manual (Policy Manual) is part of Rakow's employment contract, see Hom v. State, 459 N.W.2d 823, 824 (N.D. 1990), and also specified that "[t]enure shall not extend to an administrative position," Policy Manual, § 605(A)(1)(d). Thus, the terms of Rakow's employment contract establish that Rakow did not have tenure in her administrative positions. See Board of Regents v. Roth, 408 U.S. 564, 578 (1972). Instead, Rakow's employment as Associate Dean was at will, which does not implicate a protected property interest. See id. Rakow did have a three-year contract as Director, but because Rakow conceded the University paid her full salary as Director throughout the remainder of her three-year term, "any constitutionally protected property interest [Rakow] had as a result of [her] employment contract has been satisfied by payment of the full compensation due under the contract." Royster v. Board of Trustees, 774 F.2d 618, 621 (4th Cir. 1985). The district court properly granted the University's motion for judgment as a matter of law on Rakow's due process claims.

We also reject Rakow's meritless contention that the district court abused its discretion by refusing to instruct the jury on the proper use of after-acquired evidence under McKennon v. Nashville Banner Publ'g Co., 513 U.S. 352, 362-63 (1995). Several faculty members testified about problems they had with Rakow, arising both before and after she was removed from her administrative positions. The administration did not learn of these disputes until after Rakow was no longer the Director or Associate Dean and so could not have considered them in removing Rakow from her administrative posts. The University, however, did not offer this testimony to justify Rakow's removal from her administrative positions, but instead offered it to rebut Rakow's claims that the faculty respected and supported her as an administrator. Thus, the testimony was not after-acquired evidence within the meaning of McKennon, and the district court did not abuse its discretion by refusing to give the requested instruction. See Wolfe v. Gilmour Mfg. Co., 143 F.3d 1122, 1125 (8th Cir. 1998).

Finally, Rakow challenges the sufficiency of the evidence supporting the jury's verdict for the University on Rakow's Title VII retaliation claims. Because Rakow failed to move for judgment as a matter of law on these claims at the close of evidence, she cannot now argue that the verdict was supported by insufficient evidence. See Pulla v. Amoco Oil Co., 72 F.3d 648, 655 (8th Cir. 1995).

We affirm.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-4-